UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVERGREEN ESTATES CONDOMINIUM ASSOCIATION OF APARTMENT OWNERS, a Washington non-profit corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>ADMIRAL INSURANCE COMPANY, a Delaware corporation; ASSOCIATED INTERNATIONAL INSURANCE COMPANY, an Illinois corporation; MARKEL INSURANCE COMPANY, a Virginia corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>        Defendants. | Case No. C16-1577RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Associated International Insurance Company ("AIIC")'s Motion to Dismiss Without Prejudice, Dkt. #12. Although captioned a motion to dismiss, AIIC's Motion is brought under the summary judgment standard and the Court will interpret it as a motion for summary judgment. *See* Dkt. #12 at 4. AIIC brings the instant Motion because Plaintiff Evergreen Estates Condominium Association ("Evergreen") "filed this lawsuit in the midst of the claim investigation undertaken by [AIIC] before AIIC's

investigation was completed." *Id*. at 1.  AIIC requests the Court "dismiss without prejudice Evergreen's complaint against it until Evergreen complies with the required conditions precedent to suit." *Id*. at 1-2.

As authority for the relief it is seeking, AIIC cites to *Staples v. Allstate Ins. Co.*, 176 Wn.2d 404, 295 P.3d 201 (2013) and *Downie v. State Farm Fire & Cas. Co.*, 84 Wn. App. 577, 929 P.2d 484 (1997).  In *Downie,* the trial court found that the plaintiff's failure to submit to an EUO, a condition precedent to filing suit, warranted dismissal of the case without prejudice on summary judgment.  84 Wn. App. at 581.  In *Staples,* the court looked at questions of fact related to the materiality of the insurer defendant's requested Examination Under Oath ("EUO"), whether the insured substantially complied with a requested EUO, and the prejudice caused by the insured's failure to participate in that EUO.  *Staples* held in part that "if an EUO is not material to the investigation or handling of a claim, an insurer cannot demand it," overruling *Downie*.  176 Wn.2d at 414.  The court found summary judgment was not appropriate due to issues of fact as to prejudice, materiality, and substantial compliance.

The Court has reviewed the facts alleged in this matter by both parties and has determined that questions of fact exist precluding summary judgment.  Evergreen has credibly argued such questions related to the issues of materiality and substantial compliance.  *See* Dkt. #19 at 13-18.  The Court cannot conclude, as a matter of law, that the requested EUO is material given the information already provided to AIIC or otherwise available for AIIC to investigate short of requesting this EUO.  The Court also cannot conclude, as a matter of law, that Evergreen has failed to substantially comply with the EUO request.  Even if Evergreen has failed to substantially comply with a required condition precedent to suit, the relief requested by AIIC—dismissal—is not preferred by the Court. Based on the information before it, the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 2

Court believes the parties have not exhausted all reasonable efforts to provide AIIC with the information it is requesting.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that AIIC's Motion to Dismiss Without Prejudice, Dkt. #12, is DENIED.

DATED this 3 day of April, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE